FILED - KZ
October 30, 2024 12:12 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems  Scanned by ES/10/30

United States District Court
For the Western District of Michigan

David Moon, #956376,
a.k.a. Azelie M.
    Plaintiff,

v.

Unknown Mendez
in his individual capacity,
Unknown Meyer
In his individual capacity,
Unknown Anderson
in his individual capacity,
Unknown Czerwyck
in his individual capacity,
unknown House
in his individual capacity,
unknown Lobdell
in his individual capacity,
unknown Gillespie
in his individual capacity,
unknown Winwright
in his individual capacity,
unknown Pepper
in his individual capacity,
unknown Staley
in his individual capacity,
unknown Dewy
in his individual capacity,
unknown officers
in their individual capacities,
unknown Rockwell
in his individual capacity,
unknown Darnell
in his individual capacity,
unknown Cooley
in his individual capacity,
unknown Arredondo
in her individual capacity
unknown Matthews
in his individual capacity,
unknown Ramirez
in his individual capacity,
unknown Serritos
in his individual capacity,
unknown Rowland
in his individual capacity,
unknown Thompson
in her individual capacity,
unknown Frias
in his individual capacity,
unknown Normington

1:24-cv-1138

Ray Kent
U.S. Magistrate Judge

Case No.
Hon.
Mag.

'Continuing Danger'

in her individual capacity,
unknown Battle
in his individual capacity,
unknown Buchin
in his individual capacity,
unknown Brooke
in their individual capacity,
unknown Novak
in his individual capacity
unknown Bullen
in his individual capacity,
unknown Athearns
in his individual capacity
unknown Alexander
in her individual capacity
unknown Harrison
in his individual capacity
unknown Fuller
in his individual capacity,
unknown Addis
in his individual capacity,
unknown Haddon
in his individual capacity,
unknown Brokaw
in his individual capacity,
Matthew Macauley
in his individual capacity.
Defendants
_____/

<u>**Jury Trial Demanded**</u>

<u>Complaint</u>

Comes now Plaintiff and for her complaint states as follows:

<u>Preliminary Statement</u>

1. This is a Gender Dysphoric Prisoners §1983 Civil Action seeking compensatory, punitive, and emotional damages. Plaintiff avers while housed and confined at Bellamy Creek Correctional Facility in Ionia, MI. that Defendants Collectively and individually became deliberately indifferent to Plaintiffs health and safety by ignoring the risk associated with improperly classifying Plaintiff and then housing Plaintiff with known sexual predators. That defendants regularly allow Gender Dysphoric prisoners to suffer from assaults and sexual predation and intentionally do nothing to protect these individuals without causing them further harm when Prisoners report the abuse. Defendants then engaged in acts of retaliation and sexual based discrimination against Plaintiff for first reporting the issues she was having with other prisoners, and then reporting the prohibited staff conduct through the grievance procedure. Defendants acts of retaliation included retaliatory misconducts, confiscation and destruction of Plaintiffs property without Due Process, and when Plaintiff reported these acts, Defendants had Plaintiff thrown in segregation in substandard and inadequate living conditions, and lastly other Defendants sexually assaulted Plaintiff and stole all of her Legal Documents. Plaintiff also had Feminizing products confiscated without Due Process, had actual garbage placed into her property, and was denied de minimis safety standards during her stay in segregation, as well as sexual harassment and assault. Defendants actions violated Plaintiffs First, Eighth, and Fourteenth Amendment rights; Title II of the Americans with Disabilities Act; Rehabilitation Act, and the Michigan Elliot-Larsen Civil Rights Act No. 453.

2. Defendants acts of retaliation against Plaintiff became particularly egregious once Plaintiff filed a Grievance which was turned into a PREA Complaint, AIM 50533. Shortly thereafter Plaintiff was placed in Segregation, where she was repeatedly sexually harassed and suffered a sexual assault by one Corrections Officer causing Plaintiff to suffer from physical injury, be denied her property and privileges, suffer from intense emotional distress, an exacerbation of pre-existing mental illnesses, and finally other pecuniary losses not yet ascertained.

3. Plaintiff maintains that the deprivations of her constitutional rights were

3

carried out by Defendants in a concerted effort to discriminate and/or retaliate on her to deter her from reporting the abuse, and that the named Defendants acting under color of state law knowingly caused Plaintiff to be deprived of her Constitutional rights.

### Jurisdiction and Venue

4. This action arises and is brought pursuant to 42 U.S.C.§1983; Michigan Elliot-Larsen Civil Rights Act No. 453, Public Act of 1976, as Amended; Title II of the Americans with Disabilities Act, 42 U.S.C.§12132; Rehabilitation Act, 29 U.S.C.§701 et seq., to remedy the deprivations under collor of state law of rights guaranteed by the First, Eighth, and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331(1) and 1343.

5. This cause of actyion arose in the Western District of Michigan. Therefore venue is proper under 28 U.S.C.§1367.

### Exhaustion of Administrative Remedies

6. While Plaintiff was exhausting her administrative remedies Defendants confiscated all of defendants legal papers when they placed Plaintiff in segregation. Further when Plaintiff attempted to exhaust regardless of her not having these required documents, Defendant Brooke refused to process Plaintiffs appeals and threatened Plaintiff with misconducts for correcting a clerical mistake on an appeal form. Lastly Plaintiff was placed on modified access and was denied permission to grieve any of her grievable issues. PREA complaints are not subjected to the Grievance process as of April 2021, see P.D. 03.02.130.

### Previous Lawsuits

7. Plaintiff filed 2:24-cv-12180 in Eastern District, case was transferred to Western District 1:24-cv-01067 awaiting defendants answer to Plaintiffs pleadings.

8. Plaintiff filed case in the Eastern District at the same time as this Complaint, Moon v. Siegmann et al.

9. Plaintiff filed Complaint Moon v. Sissen in Eastern District on the same date as Plaintiff filed this complaint with this Honorable Court.

### The Parties

10. Plaintiff David Moon, a.k.a. Azelie Delaina Moon is and was at all relevant times mentioned herein an adult citizen of the united states and a resident of the state of Michigan. Plaintiff is located at: Gus Harrison

Correctional Facility, 1727 E. Beecher St. Adrian, MI. 49221.

11. Defendants Mendez, Meyers, Anderson, Czerwyck, Winwright, House, Lobdell, Gillespie, Pepper, Staley, Dewy, and other unknown officers are being sued in their individual capacities as corrections officer for the Michigan Department of Corrections "MDOC" Defendants are located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

12. Unknown Rockwell, Darnell, Cooley, Matthews, and Arredondo are being sued in their individual capacities as Sergeants for the MDOC, defendants are located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

13. Unknown Serritos and Ramirez are being sued in their individual capacities as Lieutenants for the MDOC, defendants are located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

14. Unknown Rowland is being sued in his individual capacity as a captain for the MDOC, defendant is located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

15. Unknown thompson and Frias are being sued in their individual capacities as Prison Counselors "PC's" for the MDOC, defendants are located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

16. Unknown Normington, Battle, and Buchin are being sued in their individual capacities as Residential Unit Managers "RUM's" for the MDOC, defendants are located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

17. Unknown Brooke is being sued in their individual capacity as a Grievance Coordinator for the MDOC, defendant is located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

18. Unknown Novak is being sued in his individual capacity as a Hearings Investigator for the MDOC, defendant is located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

19. Unknown Athearns is being sued in their individual capacity as a Mental Health worker and member of a security classification committee "SCC" for the MDOC, defendant is located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

20. Unknown Bullen is being sued in his individual capacity as a Case Manager for the MDOC, defendant is located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

21. Unknown Alexander is being sued in her individual capacity as an Administrative staff member for the MDOC, defendant is located at 1727 W. Bluewater Hwy. Ionia, MI. 48846.

22. Unknown Harrison and Fuller are being sued in their individual capacities as Inspectors and Facility PREA Coordinator for the MDOC, defendants are located

at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

23. Unknown Addis, and Haddon are being sued in their individual capacities as Assistant Deputy Wardens for the MDOC, defendants are located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

24. Unknown Brokaw is being sued in his individual capacity as a Deputyt Warden for the MDOC, defendant is located at:1727 W. Bluewater Hwy. Ionia, MI. 48846.

25. Matthew Macauley is being sued in his individual capacity as a Warden for the MDOC, defendant is located at: 1727 W. Bluewater Hwy. Ionia, MI. 48846.

## Statement of Facts

26. Plaintiff is a Gender Dysphoric "GD" Intersex Woman. Plaintiffs pronouns are She/Her/Hers, Plaintiffs chosen name is Azelie Delaina Moon. Plaintiffs appearance and mannerisms are visibly feminine and she is currently receiving treatment for GD, PTSD, Hypothyroidism, and an unspecified skin condition, all recognized serious medical needs.

27. In December of 2023 Plaintiff was transferred to Bellamy Creek Correctional Facility "IBC" after the events in Plaintiffs previous lawsuit 1:24-cv-01067. Plaintiff was improperly classified under PREA guidelines at a previous facility and despite bringing this issue to Defendants thompson, Frias, Normington, Battle, Addis, Haddon, Brokaw, and Macauley over the course of several months this issue was never even looked into or rectified. Plaintiff avers that the aforementioned Defendants are fully aware of the risk associated with improperly classifying and housing Transgender and Intersex Prisoners and did so knowingly due to Plaintiffs prior filing of glievances and her status as a GD Prisoner, and that the defendants chose to not protect Plaintiff from the risk of assault due to these identifications. Plaintiff was assaulted and pressed into a sexual relationship with her cell mate. When Plaintiff made the complaint to Officers House, Lobdell, the Inspector, as well as a separate complaint to SGT. Matthews, PC Thompson and PC Frias she was threatened with a trip to the hole if she did not stop making the allegations. At that time Plaintiff withdrew her complaint.

28. For several months Plaintiff engaged in kites and verbal requests to have her Classification corrected so that she could stop being victimized by the cellmates they continuously forced her to live with when she would have a cellmate at all. Plaintiff sent kite requests to RUM Normington and Battle, and

6

finally a letter to Defendants Addis, Haddon, Brokaw, and Macauley. a week later Plaintiff filed a Grievance over the matter as she was unable to remedy the situation despite attempting to for months.

29. in March Plaintiff was attacked by another inmate, when Plaintiff reported this to Officers House and Lobdell they told Plaintiff to handle the issue herself. Plaintiff then went and sent a kite to Inspectors office and Inspector Addis called this inmate out and informed him that Plaintiff had told on him, yet staff made no attempts at housing assignment changes to protect Plaintiff from further assault.

30. The following day Plaintiff was taken into an office by RUM Normington and PC Thompson who harassed Plaintiff about her feminine clothing style, telling Plaintiff that her clothing choices "offend decent people" at this point Plaintiff told RUM Normington and PC Thompson about the assault on the previous day, and again no actions were taken to protect Plaintiff from this assaultive inmate.

31. on 8/14/2024 Plaintiff was walking to lunch when she was abruptly stopped by Defendant Rockwell. Rockwell told Plaintiff that she couldn't wear her appropriate shorts to the Dining Hall again, perplexed Plaintiff asked why as there was at least 40 other inmates wearing their shorts to lunch at the exact same time. Rockwell stated he did not care what other prisoners did, only what Plaintiff does and he further threatened Plaintiff stating "you must not know who I am." Plaintiff was turned around to change her clothing and then was told by Defendant Anderson that she would be issued a misconduct if she left the housing unit to return to chow, and so Plaintiff did not eat lunch that day.

32. on 8/17/2024 Plaintiff was taken aside by Defendant Anderson and was warned to "watch herself" if she was to continue with the grievance process against staff at IBC.

33. on 8/23/2024 Plaintiff was being harassed by the same inmate who assaulted her previously, this caused her to suffer a stress reaction and panic, she eventually went into her room and was laying on her bed when this inmate ran into Plaintiffs room and assaulted her a second time. Staff were made aware on the following morning who reviewed the camera footage and chose again not to act to protect Plaintiff, upon information and belief it was Defendants Anderson, Meyers, Thompson, and Frias who reviewed the camera footage among other staff.

34. on or about 8/26/2024 Defendant Anderson assaults another GD Prisoner named Dalton Willard, approximately two days later he is travelling down the A-

7

Lower Wing and sexually harasses Prisoner Daniel Hutchinson, another GD Prisoner by calling them a faggot and telling them that he can get away with doing whatever he wants to the GD prisoners because no one cares whether they are harmed or not.

35. On or about 8/30/2024 Defendant Meyers calls Plaintiff to the podium and tells Plaintiff that he is going to write her a Misconduct for being down the hallway. Plaintiff bemused asks why as she is a hearing impaired aid and her job duties require her to ensure the Deaf and Hard of Hearing prisoners receive their non-emergent notifications. Meyers informs Plaintiff that he won't write the misconduct if she drops her grievance against Defendant Rockwell and stops wearing "all that gay shit." Plaintiff refuses and writes a grievance against Meyers for Retaliation.

36. on or about 8/31/2024 Defendant Anderson calls Plaintiff to the podium to review her on the Class III minor misconduct issued by Meyers the previous day. Anderson reiterates that he will throw the misconduct out if Plaintiff gives up on her Grievance. When Plaintiff refuses this angers Anderson who begins to speak very calmly with menace in his voice as he explains to Plaintiff that complaints aren't going to hold any weight due to the fact that staff at IBC don't like the faggots and will find a way to dismiss her grievances. Plaintiff filled a Grievance against Anderson for retaliation and the Grievance Coordinator Brooke forwarded the complaint to Inspector Harrison who created PREA complaint 50533. per 28 C.F.R. 115.66 and 115.67 PREA compliance requires that the alleged victim and perpetrator are to be separated pending the outcome of an investigation due to the propensity for retaliation, Inspector Harrison and the Administrative staff chose not to comply with PREA safety regulations.

37. on 9/3/2024 Plaintiff is sitting quietly in her room awaiting her 11am relative privacy shower per PREA regulations, when Defendant Anderson comes to Plaintiffs door and begins sexually harassing Plaintiff making demeaning references to her genital status and sexual orientation. Plaintiff filles a grievance against Defendant Anderson for sexually harassing her and another grievance against Defendants Harrison, Fuller, Haddon, Brokaw, and Macauley for failure to protect Plaintiff from retaliation. Plaintiff was unaware that Defendant Anderson left her cell and authored an Insolence and Out of Place ticket stating that Plaintiff had made comments of a sexual nature: "Hey Anderson, I bet 1 got bigger dick than you. I got pretty princess faggot dick and I bet it's bigger than yours"

8

38. That same day Plaintiff engages in a hearing with Defendant Thompson concerning the Out of Place misconduct, and has the misconduct dismissed due to due process violations under MI. Admin. Code 791.5503. Defendant Thompson denies Plaintiff her procedural due process by denying her a copy of the hearings report for her records.

39. on 9/4/2024 Plaintiff is met by Defendant Matthews concerning the Insolence and Out of Place misconduct. Plaintiff explains to Matthews that she is being retaliated against by Defendant Anderson and that she is afraid for her safety being in the same unit with him as he had already harmed another girl physically and she was worried that being around him during the course of the investigation was going to lead to further acts of retaliation. Matthews had the authority to act and chllse to leave Plaintiff to her own devices.

40. On this same day Plaintiff is down A-Lower hallway and is yelled at by Defendant Meyers who orders Plaintiff to hand him her ID. she follows him as she does so, as they reach the base Defendant Anderson joins Meyers and they inform Plaintiff they're going to "raillroad her this time" referring to Plaintiffs dismissal of the previous misconduct. Plaintiff simply states that further acts of retaliation will be reported and eventually she will see them in court. Defendants Meyers and Anderson walk away, Plaintiff speaks to another inmate whll was amused at how these staff members really have it out for Plaintiff, Plaintiff explains that staff members aren't allowed to kill or rape her like inmates can, and the worst thing they can do to her is place her in the hole on a bogus misconduct. upon hearing this Defendant Anderson pulls his handcuffs out and him and Meyers come out of the Officers pod and follow Plaintiff down A-Lower wing to detain Plaintiff and take her into custody to be transported to segregation.

41. While Plaintiff was being escorted to segregation staff members entered Plaintiffs cell and confiscated all of Plaintiffs legal documents and, upon information and belief, allowed other prisoners to have access to Plaintiffs room to steal what they wanted to from Plaintiff. Defendant Thompson took legal documents from Plaintiffs hands when Plaintiff was detained and Plaintiff never received these documents.

42. While in Segregation Plaintiff was escorted into a sllower area to be strip searched before being placed into a segregation cell. Defendant Mendez walked around the privacy screen rubbing his hands together and while leering at Plaintiff said "lets see some tits" Plaintiff refused to strip for this defendant, and so he walked away and SGll. Cooley came to ask Plaintiff why she

was refusing a strip search, when Plaintiff explained the situation to Cooley he said "He doesn't want to look at you he's not into fags" which caused Plaintiff to begin crying and defendant cooley walked away, shortly thereafter Defendant Pepper came to Plaintiff and ordered Plaintiff to strip or suffer a Class I Disobeying a Direct Order misconduct. Plaintiff, always in fear of obtaining enough points to be sent to level 4, complied. As Plaintiff was removing her bra Pepper told her "those are probably the nicest tits I've seen on one of you boys in awhile" causing Plaintiff to feel humiliated and degraded and objectified.

43. on this same day Plaintiff was escorted to cell 27. Immediately upon being placed into the cell Plaintiff noticed that there were live electrical wires hanging from the light fixture, sewage and feces backed up into a toilet that wouldn't flush, brown brackish water coming from the sink, and sharp rusted edges on the locker where the door had been ripped off months prior. Plaintiff immediately lodged this complaint to Officer Mendez, Pepper, Staley, Dewy, Gillespie, and other unknown Officers, as well as defendants Arredondo, Darnell, Ramirez, Serritos, and a Ms. Alexander who worked in the Wardens office. All of these staff members were fully aware of the danger to Plaintiffs health and safety and chose not to act to save Plaintiff from the unsafe and inadequate living conditions.

44. Also on this same day Plaintiff spoke to Defendant Darnell while he was reviewing Plaintiff of the Threatening Behavior misconduct, Plaintiff explained to Darnell that it was the wrong misconduct and that she should have been charged with a Class II infraction instead which she still wasn't guilty of. Darnell said it didn't matter that it was the wrong misconduct and that Plaintiff needed to sit in the filth of cell 27 where she belonged. Plaintiff also explained of the sexual harassment she faced by Officers Pepper and Mendez and Darnell said "it'll be the word of a fag against theirs and no one will believe you." THAT EVENING Plaintiff succumbed to thirst and drank water from the sink causing her to suffer from cramps and diarrhea over the course of the next several days.

45. On 9/5/2024 Plaintiff was feeling quite depressed due to the conditions of her cell. she spoke to QMHP Bullen, her case manager and explained the situation to him and asked for his assistance to be placed in an adequate cell. Bullen told Plaintiff that he would not go against his co-workers on her behalf, Plaintiff feeling depressed and hopeless told Defendant Bullen that she intended to kill herself by grabbing the live electrical wires hanging from her light, this caused Plaintiff to be removed from the cell and placed in the shower area to be strip

searched a second time to be placed in suicide watch.

46. On this same day Defendant Mendez came around the privacy screen to get Plaintiff to strip for him, upon Plaintiff protesting he informed Plaintiff that if she didn't comply he would say she assaulted him, write her a class I misconduct, and then him and his buddies would beat the dogshit out of her. out of fear Plaintiff agreed. Mendez told Plaintiff to use the shower to get "wet and sexy" for him, and then left her alone for a moment. Plaintiff complied and ran the shower and got her tank top and underwear wet. Mendez returned and said "that's what I'm talking about bitch, now strip" and Plaintiff began to strip for him. Defendant Mendez told Plaintiff that "if he could" he'd fuck her "with a bowling pin" for that shit she pulled in 3 block, but since he couldn't that she should attempt to fist herself. Plaintiff hesitated and Defendant Mendez said "don't make me come in there" and so Plaintiff complied. Plaintiff suffered from physical injury as a result of this event. Once the assault was finished Mendez told Plaintiff that if she told on him he would have her food poisoned while she was in the hole and that she'd die, and so Plaintiff remained silent until her transfer.

47. On this same day Plaintiff was visited by Defendant Novak, a Hearings Investigator. Plaintiff explained to Novak the nature of the situation, including the retaliation. Plaintiff asked to have several witnesses interviewed but was denied this right due to the fact that she didn't know their full MDOC Number and name, she was also denied the ability to provide a written statement to the ALJ due to the fact that she was in Suicide watch and wasn't allowed to have pens or paper. Plaintiff went on to explain to Novak that she had copies of Grievances she had just received back in the institutional mail along with her copies of these misconducts. Novak immediately ended the interview and Plaintiff later discovered that the remainder of her legal documents were confiscated while she was in suicide watch.

48. This evening Defendant Winwright while working third shift as a corrections officer used his electronic round marker to viciously hammer on Plaintiffs door every 15 minutes preventing Plaintiff from sleeping and subjecting Plaintiff to psychological torture. When plaintiff asked why he was doing what he was doing he replied "you want to play paperwork games? I can play games too." also of note is that on this day Maintenance came to inspect Plaintiffs cell in 27 after she was removed from the cell and Maintenance condemned the cell determining that it wasn't fit or safe for human occupation.

11

49. On 9/10/2024 Plaintiff was found guilty of a lesser charge of Insolence Defendants Buchin, Haddon, and Athearns convened a SCC Meeting with the intent to punitively transfer Plaintiff. Buchin informed Plaintiff that she would be transferred and that RUM Normington assisted in the decision, Plaintiff was not allowed the opportunity to be present or speak on her behalf at this hearing. Plaintiff was transferred for "staff safety" despite Plaintiff never engaging in any assaultive behavior towards any staff member.

50. on 9/11/2024 Defendant Rowland came to Plaintiffs cell door to conduct a Class II Misconduct hearing in violation of department policy by not allowing Plaintiff to have her required hearing in a room or office so that she could properly litigate her affirmative defense. Rowland interrupted Plaintiff before she could make the three factual assertions she had concerning the misconduct, summarily ruled Plaintiff guilty, and gave Plaintiff 30 days of Loss of Privileges sanctions. Defendant Rowland then thwarted Plaintiffs procedural due process rights by preventing Plaintiff from being able to appeal the misconduct by never placing the misconduct in Plaintiffs prisoner record or counselor file as required by MDOC P.D.03.03.105

51. On 9/12/2024 and 9/13/2024 Grievance Coordinator Brooke refused to process Plaintiffs step 2 appeals for grievances written against the Wardens and Administrative staff. Plaintiff corrected a clerical error on one of the appeal forms and Defendant Brooke threatened to author Plaintiff a forgery misconduct. in addition Defendant refused to allow Plaintiff the right to grieve violations of her constitutional rights.

52. Plaintiff submits that staff at Bellamy Creek Correctional Facility routinely use violence, threats of violence, and other measures such as failure to protect inmates from other predatory or assaultive inmates to cause harm to the Gender Dysphoric population and intentionally place GD Prisoners into adverse living conditions allowing these prisoners to be beat, abused, and sexually assaulted. Defendants campaign of emotional torture against Plaintiff has been particularly egregious because Plaintiff stands up for her constitutional rights and is an activist for the Equality movement and the fact that Plaintiff doesn't show fear or cowardice in the face of adversity.

## Claims for Relief

### Claim I: First Amendment Retaliation

53. Plaintiff incorporates by reference ¶1-52 as if fully stated herein.

12

54. by virtue of the foregoing defendants collectively and individually retaliated against plaintiff for filing Grievances and PREA allegations reporting prohibited staff conduct contrary to the Free Speech and Petitioning Clause of the First Amendment of the United States Constitution.

### Claim II: Deliberate Indifference and Failure to Protect

55. Plaintiff incorporates by reference ¶1-52 as if fully stated herein.

56. by virtue of the foregoing Defendants individually and collectively became deliberately indifferent to Plaintiffs health and safety by intentionally classifying Plaintiff incorrectly and housing her in adverse conditions, and chose not to act when Plaintiff made staff members aware of the dangers her housing environment potentially placed on her. Further defendants chose not to act when they became aware of the health and safety issues Plaintiff was facing in Cell 27, and lastly had malicious intent when Defendant Mendez caused Plaintiff to physically harm herself for his sexual gratification. Defendants behavior was contrary to the Cruel and Unusual Punishments clause of the Eighth Amendment of the United States Constitution.

### Claim III: Due Process

57. Plaintiff incorporates by reference ¶1-52 as if fully stated herein.

58. by virtue of the foregoing Defendants Czerwyck, Anderson, Meyers, Thompson, Brooke, Novak, and Rowland all actively thwarted Plaintiffs administrative remedy process and/or denied Plaintiff access to property without procedural due process required by Michigan Admin. Code and prevented Plaintiff from engaging in appeals on grievances or misconducts by confiscating these documents so that Plaintiff could not engage in her due process rights, contrary to the Due Process clause of the Fourteenth Amendment of the United States Constitution.

### Claim IV: Equal Protection

59. Plaintiff incorporates by reference ¶1-52 as if fully stated herein.

60. by virtue of the foregoing Defendants collectively and individually targeted and singled out Plaintiff due to her Gender Identity and expression and/or perceived sexual orientation and treated her dissimilar to similarly situated prisoners based on that identification contrary to the equal protection clause of the Fourteenth Amendment of the United States Constitution.

### Claim V: Title II ADA; RA; MI ELCA.

61. Plaintiff incorporates by reference ¶1-52 as if fully stated herein.

62. by virtue of the foregoing defendants individually and collectively

13

deprived Plaintiff of privileges afforded to similarly situated prisoners motivated in part by her Gender Dysphoria Diagnosis, contrary to Title II of the ADA; RA; MI ELØA.

## Relief Requested

63. Wherefore Plaintiff humbly requests that this Honorable Court award her the following relief:

a. Award Plaintiff Compensatory Damages in the amount of 2,750,000.00

b. Award Plaintiff punitive damages in the amount of 175,000.00 against each defendant jointly and severally.

c. Award Plaintiff emotional damages in the amount of 750,000.00

d. Any other relief this Honorable Court thinks is reasonable and equitable.

## Verification of Complaint

I, Azelie Delaina Moon, a.k.a. David Moon declare and state under penalty of perjury and 28 U.S.C. §1746 that everything stated in this complaint is true and correct.

## Signature Page

**Executed On:** 10/24/2024

Respectfully Submitted,

/s/ *Azelie P-M*
Ms. David Moon, #956376,
a.k.a. Azelie Delaina Moon
Gus Harrison Corr. Fac.
2727 E. Beecher St.
Adrian, MI. 49221.

David Moon, #956326,
Gus Harrison Correctional Facility
2727 E. Beecher St.
Adrian, MI. 49221

Office
U.S. Dist
107 Feder
410 W. M
Kalamazoo,



f the Clerk.
ict Court
l Building
higan Ave.
MI, 49007