UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID MOON,

        Plaintiff,

        Case No. 1:24-cv-1138

v.

        Honorable Ray Kent

UNKNOWN MENDEZ et al.,

        Defendants.
_____/

## ORDER LIFTING STAY AND FOR SERVICE

This is a prisoner civil rights action. In an opinion and order (ECF Nos. 9, 10) entered on January 28, 2025, the Court partially dismissed Plaintiff's complaint under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c), for failure to state a claim upon which relief could be granted. The Court then referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case for any purpose other than mediation. (ECF No. 11.) On March 6, 2025, the Court entered an order (ECF No. 14) removing the case from mediation because not all Defendants entered a limited appearance for purposes of mediation. Accordingly,

**IT IS ORDERED** that the stay of this proceeding that was entered to facilitate the mediation is **LIFTED**.

**IT IS FURTHER ORDERED** that because the Court granted Plaintiff leave to proceed *in forma pauperis* in its January 28, 2025, order, (ECF No. 9), Plaintiff is responsible for paying the entire $350.00 filing fee in installments, in accordance with 28 U.S.C. § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by LaFountain v.*

*Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). Plaintiff must pay the filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. *See* 28 U.S.C. § 1915(b)(2). Accordingly, each month that the amount in Plaintiff's trust account exceeds $10.00, the agency having custody of Plaintiff shall collect 20 percent of the preceding months' income and remit that amount to the Clerk of this Court. The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee is paid.

**IT IS FURTHER ORDERED** that the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to Defendants Mendez, Meyer, Anderson, House, Lobdell, Pepper, Darnell, Matthews, Thompson, Frias, Normington, Battle, Bullen, Alexander, Harrison, Fuller, Addis, Haddon, Brokaw, and Macauley[1] in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that each Defendant shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered

---

[1] Plaintiff's allegations are sufficient to warrant service of the complaint against Defendant Unknown Parties. However, the Court is unable to order service on those Defendants because Plaintiff has not provided sufficient information to identify them. While the United States Marshal Service is expected to make a reasonable effort to serve identified Defendants on behalf of plaintiffs proceeding *in forma pauperis*, the Marshal Service is not required to identify the individuals to be served. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . once reasonable steps have been taken to identify for the court the defendants named in the complaint.") (emphasis added).

by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a Defendant has filed an appearance, the Court will enter a case management order to govern further proceedings in this case.

Dated:  March 14, 2025             /s/ Ray Kent
                                                  Ray Kent
                                                  United States Magistrate Judge