UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MOON,

      Plaintiff,

                                    Case No. 1:24-cv-01138

v.

                                    HON. JANE M. BECKERING

UNKNOWN MENDEZ, et al.,

      Defendants.

_____/

## **OPINION AND ORDER**

This is a pro se prisoner civil rights action filed in forma pauperis.  Defendants filed a combined motion to dismiss and motion for summary judgment (Mot., ECF Nos. 18 & 19).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that the Court grant the unopposed motion to dismiss and grant the motion for summary judgment as to some but not all claims,  with the case proceeding to trial "as to plaintiff's Eighth Amendment claims against defendants Anderson, Meyers, Mendez, Pepper and Darnell, [along] with plaintiff's First Amendment claim against defendant Anderson" (*see* R&R, ECF No. 50 at PageID.372).  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Obj., ECF No. 51).  Defendants have filed a response in opposition to Plaintiff's objections (Opp., ECF No. 53).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made.  The Court will deny the objections and adopt the Report and Recommendation as set forth in this Opinion and Order.

Plaintiff offers four separately numbered objections to the Magistrate Judge's Report and Recommendation (*see generally* Obj., ECF No. 51; *see also* Opp., ECF No. 53 at PageID.382 ("Moon has . . . [raised] four objections: (1) the magistrate judge applied [an] inappropriate summary judgment standard; (2) Moon exhausted her retaliation claims against CO Meyers under the PREA process; (3) Moon provided sufficient evidence to create an issue of material fact [as to exhaustion]; and (4) the magistrate judge improperly shifted the burden to Moon by requiring her "to demonstrate that she was prevented from using the grievance procedure.").

Plaintiff's first objection argues that the Magistrate Judge applied the wrong standard for a summary judgment motion under Federal Rule of Civil Procedure 56 (*see* Obj., ECF No. 51 at PageID.373–374).  Based on a careful review of the Report and Recommendation, the authorities cited therein, and Plaintiff's objection, the Court concludes that Plaintiff has failed to show error in the Magistrate Judge's analysis or to cite applicable authorities establishing such error (*see id.* at PageID.363–370; Opp., ECF No. 53 at PageID.384–385).  The Court will deny this objection.

Plaintiff's second objection asserts that the Magistrate Judge erred by concluding that Plaintiff "failed to exhaust [certain] First Amendment retaliation claims" (*see* R&R, ECF No. 50 at PageID.370; Obj., ECF No. 51 at PageID.374–375).  This objection impermissibly "reiterates arguments presented before the magistrate judge," and an "objection that merely restates the arguments previously presented," without specifically identifying factual or legal error in the Magistrate Judge's analysis, "is not sufficient to alert the court to alleged errors on the part of the magistrate judge.'" *See Evans v. Ordiway*, No. 2:24-CV-36, 2026 WL 309173, at \*4 (W.D. Mich. Feb. 5, 2026) (citing *Peacock v. Comm'r of Soc. Sec.*, No. 1:15-CV-572, 2016 WL 2997429, at \*1 (W.D. Mich. May 25, 2016)) (collecting cases); *accord Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("Such duplication defeats the purpose of the Federal Magistrates Act[.]"); *cf.* Pl. Opp.

to MSJ, ECF No. 23 at PageID.232–237.  The Court concludes that Plaintiff's second objection fails to identify error in the relevant sections of the Report and Recommendation (*see* Opp., ECF No. 53 at PageID.385–387).  The Court will thus deny the objection.

Plaintiff's third objection argues that the Magistrate Judge improperly disregarded certain evidence on the issue of exhaustion (*see* Obj., ECF No. 51 at PageID.375–376).  This argument fails because the Magistrate Judge specifically addressed the evidence that Plaintiff identified in opposition to Defendants' motion.  *See* R&R, ECF No. 50 at PageID.369–370; *Dean-Lis v. McHugh*, 598 F. App'x 412, 415 (6th Cir. 2015) ("It was [plaintiff's] job to point to the evidence with specificity and particularity in the relevant brief rather than just dropping a pile of paper on the . . . judge's desk and expecting him to sort it out.") (quoting *Wimbush v. Weyth*, 619 F.3d 632, 638 n.4 (6th Cir 2010)).  To the extent that Plaintiff now attempts to identify additional evidence not specifically brought to the Magistrate Judge's attention, the Sixth Circuit has stated that "the Magistrate Judge Act . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (collecting federal appellate authorities).  Furthermore, as noted by the Magistrate Judge, a court need not accept bare legal conclusions couched as factual allegations in resolving a motion for summary judgment.  *See* R&R, ECF No. 50 at PageID.369–370; *Yanovich v. Zimmer Austin, Inc.*, 255 F. App'x 957, 969 (6th Cir. 2007) ("Even under the generous standard of review for a grant of summary judgment, we do not 'accept as true legal conclusions or unwarranted factual inferences.'").[1]  The Court concludes that Plaintiff has failed to identify factual or legal error in the Magistrate Judge's analysis.  This objection lacks merit.

---

[1] *Accord Adamson v. Walgreens*, 750 F.3d 73, 78 (1st Cir. 2014) (noting that in reviewing a motion for summary judgment, federal courts "draw all reasonable inferences in [the nonmovant's] favor," but "are not obliged to accept as true or to deem as a disputed material fact, each and every

Plaintiff's fourth objection argues that the Magistrate Judge erred in concluding that Plaintiff had failed to exhaust certain claims because—according to Plaintiff—Defendants did not come forward with sufficient evidence regarding the availability of the grievance process (*see* Obj., ECF No. 51 at PageID.376–377).[2]  After careful review, the Court concludes that Plaintiff has not identified binding or applicable authority indicating that the Magistrate Judge erred on this point. Defendants' response to Plaintiff's objection outlines the evidence that Defendants produced regarding the grievance process and establishes that the Magistrate Judge properly considered this evidence in the Report and Recommendation (*see* Opp., ECF No. 53 at PageID.384–385, citing *Alexander v. Calzetta*, No. 2:16-cv-13293, 2018 WL 8345148, at *6 (E.D. Mich. Nov. 30, 2018), *R&R adopted*, 2019 WL 1011106 (E.D. Mich. Mar. 4, 2019)).  This objection lacks merit.

At bottom, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  The Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of the Court.

---

unsupported, subjective, conclusory, or imaginative statement made to the [c]ourt by a party."); *Stop-N-Go v. Uno-Ven Co.*, 184 F.3d 672, 678 (7th Cir. 1999) ("While the court must accept any reasonable inference on summary judgment, it need not accord weight to pure speculation.").

[2] The Court notes, for the avoidance of doubt, that the Report and Recommendation's exhaustion analysis (*see* R&R, ECF No. 50 at PageID.360–370) and analysis of whether the Court should exercise supplemental jurisdiction over certain state law claims (*see id.* at PageID.370–371) applies to all grievances and claims involving Defendants Frias, Matthews, House, Thompson, and Lobdell, all of whom joined in the motion for summary judgment at bar (*see* MSJ, ECF Nos. 18 & 19).  Adoption of the Report and Recommendation's analysis thus requires dismissal of all claims against Defendants Frias, Matthews, House, Thompson, and Lobdell (*see* R&R, ECF No. 50 at PageID.360–371).  The Magistrate Judge clarified this point by stating that "[i]f the Court adopts this report and recommendation, then this action will proceed as to plaintiff's Eighth Amendment claims against defendants Anderson, Meyers, Mendez, Pepper and Darnell, and [as to] plaintiff's First Amendment claim against defendant Anderson" (*id.* at PageID.372).  Plaintiff did not specifically object to this portion of the Report and Recommendation (Obj., ECF No. 51).

Accordingly:

**IT IS HEREBY ORDERED** that the Plaintiff's Objections (ECF No. 51) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 50) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Combined Motion to Dismiss and Motion for Summary Judgment (ECF No. 18) is GRANTED to the extent stated in this Opinion and Order adopting the Report and Recommendation.  All Plaintiff's federal claims against Defendants Bullen, Alexander, Fuller, Normington, Battle, Addis, Haddon, Brokaw, Macauley, Frias, Matthews, House, Thompson, Lobdell, and Harrison, are DISMISSED WITH PREJUDICE, and the Court DISMISSES WITHOUT PREJUDICE all state law claims against these Defendants given that the Court declines to exercise supplemental jurisdiction over those claims.

**IT IS FURTHER ORDERED** that Defendants Bullen, Alexander, Fuller, Normington, Battle, Addis, Haddon, Brokaw, Macauley, Frias, Matthews, House, Thompson, Lobdell, and Harrison are TERMINATED from this action.  This action will proceed as to Plaintiff's Eighth Amendment claims against Defendants Anderson, Meyers, Mendez, Pepper, and Darnell, as to Plaintiff's First Amendment claim against Defendant Anderson, and as to Plaintiff's remaining supplemental state law claims against these remaining Defendants.

Dated:  March 6, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

5